**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| *In re:* | Chapter 7 |
| Nathaniel D. Peterson, | |
| *Debtor.* | Case No. 22-33622-KLP |
| CoStar Realty Information, Inc., | |
| *Movant,* | |
| v. | Contested Matter |
| Nathaniel D. Peterson & Lynn L. Tavenner, Esq., Chapter 7 Trustee, | |
| *Respondents.* | |

**NOTICE OF AND MOTION FOR EXTENSION OF TIME
TO FILE COMPLAINT SEEKING A DETERMINATION OF NONDISCHARGEABILITY**

**PLEASE TAKE NOTICE THAT** CoStar Realty Information, Inc. ("CoStar"), through counsel, has filed with the Court a *Motion For Extension Of Time To File A Complaint Seeking A Determination Of Nondischargeability* (the "Motion"), in which CoStar seeks an extension of the current March 27, 2023 deadline to file a nondischargeability complaint through and including the first business day that is 30 days after the date on which the order of the court that confirms the arbitration award becomes final and non-appealable, and granting other relief that the Court deems proper. A copy of the Motion is below, and you may also obtain a copy by contacting CoStar's under-signed counsel.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, then you may wish to consult an attorney.

James Donaldson, Esq. (VSB No. 80307)
LimNexus LLP
919 East Main Street, Suite 1000
Richmond, VA 23219
(804) 916-1567 (telephone)
(213) 955-9511 (facsimile)
jed.donaldson@limnexus.com
*Counsel to CoStar Realty Information, Inc.*

If you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your views on the Motion, then on or before March 12, 2023, you or your attorney must take the following actions:

> File with the Court, at the address shown below, a written response pursuant to Local Bankruptcy Rule 9013-1(H).  If you mail your response, then you must mail your response to the Court for filing, then you must amil it early enough so that the Court will receive any response on or before March 12, 2023, which is three days before the hearing on the Motion.
>
> Clerk of Court
> U.S. Bankruptcy Court
> 701 East Broad Street, Suite 4000
> Richmond, VA 23219-1888
>
> You must also mail a copy of your response to the following parties:
>
> James Donaldson, Esq.
> LimNexus LLP
> 919 East Main Street, Suite 1000
> Richmond, VA 23219
>
> Lynn L. Tavenner, Esq.
> 20 N. 8th Street, 2nd Floor
> Richmond, VA 23219-3302

**PLEASE TAKE FURTHER NOTICE THAT** the Motion is scheduled to be heard before the Court on **March 15, 2023 at 9:30 AM** prevailing Eastern Time, in the U.S. Bankruptcy Court, 701 East Broad Street, Room 5100, Richmond, VA 23219.  The hearing will be conducted in-person.

If you fail to file a timely a written response and to attend the hearing even if a response is timely filed, then the Court may decide that you do not oppose the relief sought in the Motion, and the Court may enter an Order granting that relief.  Please govern yourself accordingly.

## MOTION FOR EXTENSION OF TIME
## TO FILE COMPLAINT SEEKING A DETERMINATION OF NONDISCHARGEABILITY

CoStar Realty Information, Inc. ("CoStar"), through counsel and pursuant to 11 U.S.C. §§ 105(a) and 523 and Rules 4007, 9006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1 of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), files this motion (the "Motion") seeking entry of an order (the "Order") granting to CoStar an extension of time in which

CoStar may file a complaint seeking a determination of nondischargeability of debt. In support, CoStar states as follows:

1. CoStar seeks an extension of the existing § 523 complaint deadline through and including the first business day that is 30 days after the date on which the order of the court that confirms the AAA Award—entered in favor of CoStar in late 2022—becomes a final and non-appealable order. CoStar's request for an extension is timely and cause exists to grant this extension because CoStar has sought related relief to lift the automatic stay to obtain confirmation of the AAA Award in state or federal court. Confirmation of the AAA Award ***prior*** to the commencement of any nondischargeability litigation preserves resources for all parties.

2. Concurrent with the filing of this Motion, on March 1, 2023, CoStar filed with the Court a *Motion Seeking Relief From The Automatic Stay* (the "Stay Relief Motion"[1]). CoStar expressly incorporates by reference, as though fully restated in this Motion, the underlying facts, background, procedural history, exhibits, and arguments of the Stay Relief Motion.

3. Through the Stay Relief Motion, CoStar seeks relief pursuant to 11 U.S.C. § 362(d), authorizing CoStar to obtain confirmation of the AAA Award entered in favor of CoStar on December 1, 2022. The AAA Award granted to CoStar (a) injunctive relief; (2) nominal damages of $1.00; and (3) attorneys' fees and expenses of $413,777.69. The injunctive relief orders that the Debtor cease and desist from breaching his Employment Agreement with CoStar.

4. As stated in the Stay Relief Motion, CoStar requires confirmation of the AAA Award because that is the proper procedure according to the Federal Arbitration Act to give the AAA Award the same force and effect as a court judgment. *See In re Dorris Marketing Group, Inc.*, No. 03-15025-SSM, 2005 WL 6267050, at *1 (Bankr. E.D. Va. Jan. 27, 2005).

---

[1] Unless stated otherwise, capitalized terms not defined herein shall have the meaning ascribed to them in the Stay Relief Motion.

5. Pursuant to Rule 4007(c), "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) . . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c).

6. In this case, the first date set for the § 341(a) meeting was January 24, 2023; accordingly, the deadline to file a complaint seeking a determination of nondischargeability of debt is March 27, 2023. (ECF No. 9, at 2.)

7. Pursuant to Rule 9006(b), "when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion [] with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed." Fed. R. Bankr. P. 9006(b). In this case, CoStar's request for an extension of time is timely per Rules 4007 and 9006.

8. CoStar seeks to extend its deadline to file a complaint seeking a determination of nondischargeability through the first business day that is 30 days after the date on which the order of the court that confirms the arbitration award becomes final and non-appealable.

9. CoStar's request meets the requirement for cause because it will promote judicial economy and efficiency for CoStar, and other parties-in-interest. Granting CoStar's request also provides reasonable and appropriate flexibility for CoStar to assess all relevant factors before it would be required to file a nondischargeability action, including whether or not the AAA Award has been confirmed and to what extent CoStar may rely on the confirmed AAA Award or whether CoStar would be required to re-litigate all of the issues that arose in the AAA Proceeding that led to the AAA Award. In other words, CoStar's decision of whether to proceed with filing a

dischargeability complaint will not be fully informed, and would be premature, absent confirmation of the AAA Award.

10. Further, re-litigation of the relevant issues and facts prior to confirmation of the AAA Award would require that CoStar and the Debtor incur further fees, costs, and expenses, which might otherwise be obviated if the dischargeability deadline were extended until a date after confirmation of the AAA Award. Without an extension there is likely to be meaningful, potentially unnecessary costs and expenses incurred by all parties, including those concerning discovery, motions practice, and hearings during that adversary proceeding.

11. To be clear, at this time, CoStar has not yet made final decision with respect to its position regarding dischargeability of its claims against the Debtor, including the claims litigated in the AAA Proceeding. But forcing CoStar to make that decision in the absence of a confirmed AAA Award creates unnecessary inefficiencies and additional costs. Instead, an extension of the nondischargeability deadline to a date triggered by entry of another court's order that confirms the AAA Award is a practical and efficient resolution that does not prejudice any party or the administration of the Debtor's estate. After obtaining confirmation of the AAA Award, presuming this Court grants the Stay Relief Motion, CoStar will be able to assess its rights and claims with a final judgment at hand. At that time, if it were to proceed with a nondischargeability action, then the confirmed AAA Award would have a preclusive effect before this Court, which would likely abbreviate the duration, and cost, of any nondischargeability litigation before this Court.

12. For all of the foregoing reasons, CoStar submits that cause exists to grant CoStar an extension of the deadline to file a § 523 nondischargeability complaint.

## NO PRIOR REQUEST

13.     CoStar has made no prior request for the relief sought in this Motion.

## CONCLUSION

14.     CoStar reserves all rights, claims, and defenses, including, without limitation, its rights under 11 U.S.C. §§ 105(a) and 523 and Rules 4007, 9006, 9013, and 9014 of the Bankruptcy Rules.  Nothing herein shall be construed as a waiver of, or otherwise prejudice, CoStar's rights, claims, or defenses with respect to any matters or parties in interest.

**WHEREFORE**, CoStar respectfully requests that the Motion be granted in its entirety, that the Court enter an Order substantially in the form of **Exhibit 1**, attached hereto, and that CoStar be awarded such other relief that the Court deems proper.

DATED: March 1, 2023                                COSTAR REALTY INFORMATION, INC.

*/s/ James Donaldson*
James Donaldson, Esq. (VSB No. 80307)
LimNexus LLP
919 East Main Street, Suite 1000
Richmond, VA 23219
(804) 916-1567 (telephone)
(213) 955-9511 (facsimile)
jed.donaldson@limnexus.com

*Counsel to CoStar Realty Information, Inc.*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 1, 2023 a true copy of the foregoing was served via either electronic CM/ECF Notification or first class, U.S. Mail, postage prepaid on the following parties:

| | | |
|---|---|---|
| Office of the U.S. Trustee<br>701 E. Broad Street, Suite 4304<br>Richmond, VA 23219-1849 | 4 N. 4th Street Master Tenant<br>1425 E. Cary Street<br>Richmond, VA 23219-4274 | Bank of America<br>ATTN: Bankruptcy<br>4909 Saverese Circle<br>Tampa, FL 33634-2413 |
| Barclays Bank Delaware<br>ATTN: Bankruptcy<br>PO Box 8801<br>Wilmington, DE 19899-8801 | Best Egg<br>1523 Concord Pike, Suite 201<br>Wilmington, DE 19803-3656 | JPMorgan Chase Bank NA<br>Bankruptcy Mail Intake<br>700 Kansas Lane, Floor 01<br>Monroe, LA 71203-4774 |
| Jason T. Lipscomb, DDS<br>1205 E. Main St.<br>Lower Level One<br>Richmond, VA 23219-3666 | Medarva Imaging<br>1630 Wilkes Ridge Parkway, Suite 100<br>Henrico, VA 23233-7410 | Navient Solutions, Inc.<br>ATTN: Bankruptcy<br>PO Box 9500<br>Wilkes-Barre, PA 18773-9500 |
| Navient Solutions, Inc.<br>PO Box 9635<br>Wilkes Barre, PA 18773-9635 | Radiology Assocs. of Richmond<br>PO Box 13343<br>Richmond, VA 23225-0343 | SoFi Lending Corp.<br>ATTN: Bankruptcy<br>PO Box 654158<br>Dallas, TX 75265-4158 |
| Synchrony Bank – Venmo<br>ATTN: Bankruptcy<br>PO Box 965015<br>Orlando, FL 32896-5015 | Synchrony Bank – Amazon<br>ATTN: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank – Care Credit<br>ATTN: Bankruptcy<br>PO Box 965064<br>Orlando, FL 32896-5064 |
| Synchrony Bank – Ashley Furniture<br>ATTN: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank – Paypal Credit<br>ATTN: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896-5060 | Target<br>c/o Financial & Retail Servs.<br>Mailstop BT POB 9475<br>Minneapolis, MN 55440-9475 |
| Lynn L. Tavenner, Esq.<br>20 N. 8th Street, 2nd Floor<br>Richmond, VA 23219-3302 | Stephen L. Flores, Esq.<br>Flores Law, PLLC<br>530 E. Main Street, Suite 320<br>Richmond, VA 23219-2412 | Chase Card Servs.<br>ATTN: Bankruptcy<br>PO Box 15298<br>Wilmington, DE 19850-0000 |
| Nathan D. Peterson<br>312 E. Broad Street, Apt. 401<br>Richmond, VA 23219 | | |

                                                  /s James Donaldson

## **EXHIBIT 1 – PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| *In re:* ) | Chapter 7 |
| ) | |
| Nathaniel D. Peterson, ) | |
| ) | |
| *Debtor.* ) | Case No. 22-33622-KLP |
| ) | |
| ) | |
| CoStar Realty Information, Inc., ) | |
| ) | |
| *Movant,* ) | |
| ) | |
| v. ) | Contested Matter |
| ) | |
| Nathaniel D. Peterson & ) | |
| Lynn L. Tavenner, Esq., Chapter 7 Trustee, ) | |
| ) | |
| *Respondents*. ) | |
| ) | |

**ORDER GRANTING MOTION FOR EXTENSION OF TIME
TO FILE A COMPLAINT SEEKING A DETERMINATION OF
NONDISCHARGEABILITY**

This matter is before the Court on the *Motion For Extension Of Time To File A* filed on March 1, 2023 (the "Motion"; ECF No. ●[2]) by CoStar Realty Information, Inc. ("CoStar"), seeking relief pursuant to 11 U.S.C. §§ 105(a) and 523 and Rules 4007, 9006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1 of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), as

---

[2] Unless stated otherwise, capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion.

James Donaldson, Esq. (VSB No. 80307)
LimNexus LLP
919 East Main Street, Suite 1000
Richmond, VA 23219
(804) 916-1567 (telephone)
(213) 955-9511 (facsimile)
jed.donaldson@limnexus.com
*Counsel to CoStar Realty Information, Inc.*

further described in the Motion; and the Court having jurisdiction to consider the Motion and relief requested under 28 U.S.C. §§ 157 and 1334; and that the Court may enter this Order on a final basis under Article III of the U.S. Constitution; and in consideration that the Motion and relief requested presents a core proceeding under 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and no other or further notice needing to be provided; and, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, which relief is fair and equitable; and upon the evidentiary record for all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY ORDERS AS FOLLOWS**:[3]

1. The relief requested by CoStar in the Motion is GRANTED, as set forth in this Order.

2. The current deadline of March 27, 2023 by which CoStar is required to file with the Court a complaint seeking a determination of nondischargeability as to a debt in this chapter 7 bankruptcy case is EXTENDED through and including the date that is the first business day 30 days after the date on which an order of a court of competent jurisdiction confirms the AAA Award and such order is final and non-appealable (the "Revised § 523 Deadline").

3. The Revised § 523 Deadline pertains to any and all claims, whether for injunctive relief or monetary damages, that CoStar may hold arising from, in connection with, and/or related to any of the Debtor's debts due and owing to CoStar, regardless of whether those claims were included in any relief issues by the Arbitrator in the AAA Award.

4. Nothing in this Order requires that CoStar must file a complaint seeking a

---

[3] Where appropriate, conclusions of law shall be construed as findings of fact, and findings of fact shall be construed as conclusions of law. *See* Fed. R. Bankr. P. 7052.

determination of nondischargeability of a debt.

5. Any objections to the relief sought in the Motion and granted in this Order that have not been adjourned, overruled, withdrawn, or resolved are OVERRULED and DENIED in all respects on the merits.

6. All parties'—including CoStar, the Debtor, the Chapter 7 Trustee, and/or any other party-in-interest—rights, claims, remedies, and defenses are preserved, including, without limitation, those in connection with 11 U.S.C. § 523(a).

7. This Order and the relief authorized and granted by this Order shall be binding upon any successor trustee appointed in this chapter 7 bankruptcy case, and also binding on any party, including a chapter 13 trustee, in the event that this chapter 7 bankruptcy case is converted to a case proceeding under a different chapter of the Code.

8. This Court shall retain exclusive jurisdiction with respect to any dispute arising under, arising from, or related to this Order, and the implementation and interpretation of its terms.

9. Any stay that would otherwise delay the effectiveness of this Order is hereby WAIVED, and this Order shall be effective immediately upon entry on the Court's Docket.

DATED:

                                                          U.S. BANKRUPTCY JUDGE

ENTERED ON DOCKET:

*I Ask For This*:

*/s/ James Donaldson*
James Donaldson, Esq. (VSB No. 80307)
LimNexus LLP
919 East Main Street, Suite 1000
Richmond, VA 23219
(804) 916-1567 (telephone)
(213) 955-9511 (facsimile)
jed.donaldson@limnexus.com
*Counsel to CoStar Realty Information, Inc.*

3

## **LOCAL RULE 9022-1(C) CERIFICATION**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by, or served on, all necessary parties.

*/s/ James Donaldson*

**PARTIES TO RECEIVE COPIES**:

James Donaldson, Esq.
LimNexus LLP
919 East Main Street, Suite 1000
Richmond, VA 23219

Lynn L. Tavenner, Esq.
20 N. 8th Street, 2nd Floor
Richmond, VA 23219-3302

Stephen L. Flores, Esq.
Flores Law, PLLC
530 E. Main Street, Suite 320
Richmond, VA 23219-2412